U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT 2 9 2012

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AGEEL RAHEEM, NABEEL RAHEEM,       )
FAWZIYA ALSHORQUI, AMAL RAHEEM, and )
HADEEL RAHEEM,                     )
        **Plaintiffs,**     )
                                   )
v.                                 )    **No. 3:11-CV-1103-M**
                                   )
CATHOLIC CHARITY IN BOSTON, ET AL., )
        **Defendants.**     )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has

been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the United States Magistrate Judge follow:

**I.  Factual background:**

Plaintiffs filed this unspecified civil action against Catholic Charities of Boston, Texas

Refugee Service, and Texas Refugee Service employee Mr. Basil.  The Court has not issued

process pending judicial screening.

Plaintiff Ageel Rahim states he worked as an interpreter for the United States Army in

Iraq.  He states he and his family were in danger in Iraq, so they were allowed to emigrate to the

United States.  He and his family were referred to Defendant Catholic Charities in Boston,

Massachusetts for assistance.  He states Defendant Catholic Charities placed them in apartment

that had no heater and that contained only two beds for the five family members.  He states they

asked the Catholic Charities caseworker for a different apartment, or a heater and more beds.  He

states the caseworker told them there was no money to provide these items.  He states the family

told the caseworker to call them a Taxi so they could travel to another city where Ageel Rahim's

brother was staying.  Ageel Rahim states the caseworker refused to call them a taxi, so he called

911.  He states the police arrived and called a taxi for his family.  Plaintiffs state they later moved

to Texas.  Plaintiffs seeks compensation for psychological and physical damage resulting from

their ill-treatment.

Plaintiffs' complaint also named Refugee Service of Texas, and Refugee Service of Texas

employee, Mr. Basil, as Defendants.  In Plaintiffs' responses to the Magistrate Judge's

Questionnaire, however, Plaintiffs state they want to dismiss these two Defendants.

## II.  Discussion:

### 1.  Voluntary Dismissal

Plaintiffs state they want to voluntarily dismiss Defendants Refugee Service of Texas and

Mr. Basil.  (*See* Magistrate Judge's Questionnaire, Answer Nos. 1B and 1C.)  The Court

recommends that these Defendants be dismissed pursuant to Fed. R. Civ. P. 41(a).

### 2.  Jurisdiction

Federal courts are courts of limited jurisdiction.  "They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

In this case, Plaintiffs have failed to allege federal question or diversity jurisdiction under 28 U.S.C. §1331 or § 1332. Plaintiffs assert no federal statutory or constitutional basis for this suit. Their claims, if any, appear to arise under state law. Additionally, diversity jurisdiction requires that: (1) there is diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Tex.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Plaintiffs do not state an amount in controversy. It is not facially apparent from Plaintiffs' pleadings that the amount in controversy exceeds $75,000, nor have Plaintiffs submitted any other evidence regarding the amount in controversy.

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id.* Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

3

**RECOMMENDATION:**

      The Court recommends that: (1) Defendants Texas Refugee Service and Mr. Basil be dismissed pursuant to Fed. R. Civ. P. 41(a); and (2) Plaintiffs' remaining claims be dismissed for lack of subject matter jurisdiction.

      Signed this 29 day of October, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).